UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VANCE EDWARD JOHNSON,

Plaintiff,

v.

J. MORGAN AND J. VIERRA,

Defendants.

1:15-CV-00883-LJO-EPG-PC

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1.)

THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT

Plaintiff Vance Edward Johnson ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 11, 2015. (ECF No. 1.) In Plaintiff's Complaint, Plaintiff claims that the appeals coordinator and appeals analyst at Pleasant Valley State Prison (PVSP) intentionally obstructed the inmate appeals process.

This Court has screened Plaintiff's Complaint and finds that it fails to state a claim as to any defendants. For the reasons described in this order, allegations about problems in the grievance process itself does not state a constitutional claim. This order provides an explanation of the relevant law to inform the Plaintiff should he desire to file an amended complaint. Plaintiff may file an amended complaint attempting to state a claim within thirty

days. Plaintiff may also stand on this complaint, in which case the Court will recommend dismissal to the district judge.

**I. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**II. SUMMARY OF COMPLAINT**

Plaintiff alleges in his Complaint that Defendant J. Morgan, Appeals Coordinator of PVSP, and J. Vierra, Analysis at PVSP wrongfully obstruct, circumvent, and interfere with

Johnson's 602 Inmate Appeals process, by intentionally using misleading interpretations of the relevant regulations and cancelling appeals without cause.

Plaintiff's complaint tracks the course of certain 602 appeals and the responses from the appeals office to show that they were wrongfully cancelled. Defendants issue decisions contrary to the regulations and what they say in other appeals. They hinder timelines by requiring additional documentation not permitted by regulations. They engage in a method called reverse leap-frogging in order to influence the decisions higher up in the process. They have changed log numbers. The complaint describes additional details regarding their attempts to thwart the process to deny Plaintiff's valid claims.

Plaintiff's complaint does not describe the underlying merits of any of the 602 appeals, besides a reference to an appliance issue. Plaintiff's complaint appears to concern problem with the grievance system itself.

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Legal Standards

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) (internal citations omitted). Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.'" Hemi Group, LLC v. City of New York, 559 U.S. 1, 130 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

Prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement without direct interference from prison officials. Lewis v. Casey, 518 U.S. 343, 350 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011); Bounds v. Smith, 430 U.S. 817, 824–25 (1977). However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him. Id. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim").

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

**B. Analysis of Plaintiff's Claims in Light of Legal Standards**

Plaintiff claims that his constitutional rights were violated during the prison appeals process and details a number of inconsistent actions and attempts to thwart the appeals process by Defendants. However, Plaintiff has not shown that any of the defendants' actions, or failure to act, during the prison appeals process, caused him actual prejudice with respect to pending

litigation or a claim that he was unable to bring. Plaintiff does not discuss the underlying merits of the appeals and does not appear to be suing for an underlying issue—he is complaining about the grievance process itself. The complaint does not describe an injury impacting Plaintiff's litigation, such as the inability to meet a filing deadline or to present a claim.

Thus, since Plaintiff has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

## IV. CONCLUSION

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The Court will dismiss this complaint and give Plaintiff leave to amend to file an amended complaint addressing the issues described above. Complaints about the grievance process itself are not sufficient to state a claim without some other harm. If Plaintiff chooses to amend his complaint, he should describe how the problems with the grievance process harmed his ability to access the courts, as described above, or should describe the underlying constitutional injury that was at issue in the grievance process.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-00883-LJO-EPG; and
4. If Plaintiff fails to file an amended complaint within 30 days, the Court will recommend to the district judge that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **September 6, 2016**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE