UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON, | 1:15-CV-00883-LJO-EPG-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR FAILURE TO STATE A CLAIM |
| v. | |
| J. MORGAN AND J. VIERRA, | (ECF No. 13.) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY DAYS |

Plaintiff Vance Edward Johnson ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 11, 2015. (ECF No. 1.) The Court screened the complaint on September 6, 2016, and dismissed the claims with leave to file a First Amended Complaint. (ECF No. 12.) Plaintiff filed his First Amended Complaint on October 11, 2016. (ECF No. 13.) Plaintiff alleges that Defendant J. Morgan, Appeals Coordinator of Pleasant Valley State Prison (PVSP), and J. Vierra, Analysis at PVSP wrongfully obstruct, circumvent, and interfere with Johnson's 602 Inmate Appeals process. (*Id.*)

This Court has screened Plaintiff's First Amended Complaint and finds that it fails to state a claim as to any defendants.

\\\

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II. DISCUSSION

### A. Legal Standards

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) (internal citations omitted). Proximate cause requires "'some direct relation between the injury asserted and the injurious conduct alleged.'" Hemi Group, LLC v. City of New York, 559 U.S. 1, 130 (2010) (quoting Holmes v. Secs. Investor Prot. Corp., 503 U.S. 258, 268 (1992)).

Prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement without direct interference from prison officials. Lewis v. Casey, 518 U.S. 343, 350 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011); Bounds v. Smith, 430 U.S. 817, 824–25 (1977). However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351. In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him. Id. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim").

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance

procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

### B.   Analysis of Plaintiff's Claims in Light of Legal Standards

Plaintiff's First Amended Complaint describes his interactions with the two named Defendants for a time period beginning in November of 2013 and ending in June of 2015. (ECF No. 13, pp. 5-6.)  Defendants wrongfully instructed Plaintiff to remove supporting documentation from his appeals.  They threatened to place Plaintiff on appeal restriction for misusing and abusing the appeal process.  They hindered the appeals process and/or fail to inform Plaintiff as to the status of certain pending appeals.

The First Amended Complaint does not describe the underlying merits of any of the 602 appeals, besides a reference to an appliance issue.

Similarly to the original complaint, Plaintiff has not shown in his amended complaint that any of the defendants' actions, or failure to act, during the prison appeals process, caused him actual prejudice with respect to pending litigation or a claim that he was unable to bring. Plaintiff does not discuss the underlying merits of the appeals and does not appear to be suing for an underlying issue—he is complaining about the grievance process itself.  The complaint does not describe an injury impacting Plaintiff's litigation, such as the inability to meet a filing deadline or to present a claim.

The only mention of another case is a reference to a case in this District, *Johnson v. Sweeney*, 1:14-cv-01526-DAD-SAB.  Plaintiff alleges that Defendant Morgan conspired with California Attorney General and the Judge to permit the defendants in that case to file an additional summary judgment motion.  However, Plaintiff was able to present his claim in that case and the case remains pending at this time.  Thus, the Court must conclude that either Plaintiff did not suffer actual harm from the Defendant's actions, or Plaintiff has yet to suffer any actual harm.  In either case, Plaintiff has failed to state a claim upon which relief can be

granted and dismissal of his access to the courts claim is warranted. Because it appears at least possible that Plaintiff may suffer actual harm at some point in the future, the dismissal should be without prejudice.

### III. RECOMMENDATION

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. Plaintiff's original complaint was previously dismissed with leave to amend for the same reason. (ECF No. 12.) Because it does not appear that Plaintiff can state a cognizable claim at this time, it is RECOMMENDED that this case be DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 2, 2016**           /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE